UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ROMALIS ARMOND HARTWELL | CIVIL ACTION |
|---|---|
| VERSUS | NO. 08-5120 |
| JUDGE FRED S. BOWLES, ET AL, | SECTION "N"(4) |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. The Court has determined that this matter can be resolved without an evidentiary hearing.

### I.   Factual Background

#### A.   The Complaint

The plaintiff, Romalis Armond Hartwell ("Hartwell"), filed this *pro se* and *in forma pauperis* complaint brought pursuant to 42 U.S.C. § 1983 against Judge Fred S. Bowles, Judge H. Charles Gaudin, Judge Charles Grisbaum, Judge Edward A. Dufresne, Jr., Judge Thomas C. Wicker, Jr., Judge Sol Gothard, Judge James L. Canella, Judge Thomas J. Kliebert, Judge Thomas F. Daley, Judge Susan M. Chehardy, Judge Marion F. Edwards, Judge Clarence E. McManus, Judge Walter J. Rothschild, Clerk of Court Peter J. Fitzgerald, Jerrold Peterson, Kathi Workman, "Tina Doe,"

"Roz Doe," Cheryl Landrieu, Carol Treuting, Jennifer Cooper and Leslie Langhetter, each in their official and individual capacities. Hartwell alleges that he was denied his constitutional rights by the failure of the judges and employees of the Louisiana Fifth Circuit Court of Appeals to follow the applicable provisions of state law when denying his *pro se* post-conviction writ application.

The plaintiff alleges that during an *en banc* meeting in 1994, the defendant-judges of Louisiana Fifth Circuit Court of Appeal adopted a policy wherein *pro se* post-conviction writ applications would be handled differently than writ applications filed by counsel. Specifically, those *pro se* writ applications not presenting special or unusual circumstances or issues would be addressed by Judge Defresne without review by a three judge panel.

Hartwell claims that Jerrold Peterson, the former director of the court's central staff, developed a process by which the *pro se* applications were handled solely by Peterson and not reviewed by a judge. Purportedly, Peterson received and reviewed the applications, had the central staff secretaries type up rulings to deny the applications, and had Judge Dufresne sign the rulings without review of the underlying applications. The other judges and law clerks assigned to the rulings did not review the applications or sign the rulings.

As a result, Hartwell alleges, for almost fourteen years, the judges and the court's staff systematically denied post-conviction writ applications filed by *pro se* applicants based on Peterson's process. The plaintiff therefore alleges that the court's manner of administering writ applications violated his Due Process rights, denied him equal protection of the law, and denied him meaningful access to the court in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution and Art. I §§1, 2, 3, 19, and 22 of the Louisiana Constitution of 1974. Hartwell further alleges that the actions of the state court judges were not judicial functions, but were instead

procedural and administrative in nature; therefore, they are not subject to protection pursuant to the immunity doctrine. He therefore seeks the issuance of a declaratory judgment stating that his rights were violated by the review policy, an award of compensatory damages, an injunction to order full discovery and investigation, and the award of attorney's fees and costs.[1]

### B. General Background

This lawsuit is one of many lawsuits filed in this Court as the result of allegations which came to light after the suicide death of Jerrold Peterson, the former Central Staff Director of the Louisiana Fifth Circuit Court of Appeal.[2] The Court takes notice that, at the time of his suicide, Peterson left a letter in which he summarized the *pro se* post-conviction writ procedure addressed in Hartwell's complaint. When his representations were made public, numerous state prisoners sought relief in the state and federal courts contending that the Louisiana Fifth Circuit's procedure violated the state and federal constitutions. In response, after considering the *en banc* recommendations of the Louisiana Fifth Circuit on how to rectify the concerns, the Louisiana Supreme Court eventually directed that certain *pro se* writ applications be recommitted to the Louisiana Fifth Circuit for review by three-judge panels comprised of judges who were not involved in the decision to adopt the process utilized by Peterson. *See State v. Cordero*, 993 So. 2d 203, 205-06 (La. 2008).

The Court's research reveals that Hartwell had one *pro se* post-conviction writ application before the Louisiana Fifth Circuit during the period in which the challenged procedure was in place,

---

[1]Hartwell also indicates his intent to have this matter certified as a class action. However, he does not comply with the mandates of Fed. R. Civ. P. 23, *et seq*.

[2]*See, e.g.*, *Guccione v. Parish of Jefferson*, Civ. Action No. 09-0301"R"(5); *Johnson v. Parish of Jefferson*, Civ. Action No. 09-2516"B"(1); *Severin v. Parish of Jefferson*, Civ. Action No. 09-2766"I"(5); *Washington v. Louisiana*, Civ. Action No. 09-3186"S"(5); *Luna v. Kliebert*, Civ. Action No. 09-3853"N"(1).

3

although he has not provided any information regarding that application or its disposition.[3] He does not indicate whether he has sought additional relief after the issuance of *Cordero*. While the facts alleged in his complaint are troubling, Hartwell's claims are no less legally frivolous under various legal principles as detailed below.

## II.   Standard of Review for Frivolousness

Title 28 U.S.C. §§ 1915A and 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176

---

[3]*See State ex rel. Hartwell v. State*, 930 So. 2d 971 (La. 2005), on review of Writ No. 05-KH-873 in the Louisiana Fifth Circuit Court of Appeal.

(5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

## III. Analysis

### A. Claims Against the Judges of the Louisiana Fifth Circuit

Hartwell filed the subject suit seeking to hold the named judges of the Louisiana Fifth Circuit liable because they abdicated their judicial duty to review the *pro se* post-conviction writ applications and transferred the responsibility to Peterson and Judge Dufresne. Hartwell alleges that this breached the court rules requiring that such a review be done by three judges of the court in the same manner as applications brought through counsel. Hartwell contends that the actions of the judges violated the Due Process clause of the United States Constitution and the Louisiana Constitution, and also denied him equal protection of the law and meaningful access to the courts. Hartwell indicates that he has named the judges in their individual and official capacities. His claims are frivolous.

#### 1. Individual Capacity and Judicial Immunity

It is well established that absolute judicial immunity protects a judge from liability for damages in his individual capacity for all judicial functions, so long as the judge does not act in clear absence of all jurisdiction:

> Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant. Judicial immunity can be overcome only by showing that the actions complained of were non-judicial in nature or by showing that the actions were taken in complete absence of all jurisdiction.

*Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citations omitted); *see also Brandley v. Keeshan*, 64 F.3d 196, 200 (5th Cir. 1995) (absolute immunity applies even where judge's "exercise of

5

authority is flawed by grave procedural errors" or where the judge "took action maliciously or was in excess of his authority"); *Dayse v. Schuldt*, 894 F.2d 170, 172 (5th Cir. 1990).

In the instant case, the claim against Louisiana Fifth Circuit judges is that they abrogated their duties to review *pro se* applications in a certain manner and their decision to leave the review to one judge. Hartwell does not question that the judges had jurisdiction to hear the *pro se* writ applications at issue and that the challenged actions were performed in the exercise of their judicial functions. As a result, the defendant-judges are entitled to absolute judicial immunity with respect to any claim against them in their individual capacity for monetary damages. This absolute immunity applies regardless whether Hartwell believes that the judges' actions were erroneous, intentional, malicious, or in excess of their authority. *Mays v. Sudderth*, 97 F.3d 107, 111 (5th Cir. 1996). The claims against the judges are frivolous, fail to state a claim for which relief can be granted, and otherwise seek relief against immune defendants.

Although this immunity would not bar Hartwell's claims for prospective injunctive relief, he does not truly seek injunctive relief against the defendants. Instead, he seeks only an order for this Court to allow discovery and investigation into his claims. This relief would be available through the discovery rules within the Federal Rules of Civil Procedure and would not require a special order of the Court. While it is unclear what exactly he seeks from the defendants, this court has no authority to stand in review of the state court proceedings or correct any judicial errors; this type of relief should be submitted to the state courts for correction. *DuBois v. Warne*, No. 08-20682, 2009 WL 1582548, at *2 (5th Cir. June 8, 2009) (citing *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)).

## 2. Official Capacity and the Eleventh Amendment

As to any claim against defendant-judges in their official capacity, such claims are also barred from review in this federal court. A judgment against the state circuit court judges in their official capacities would be satisfied out of the state treasury. La. Rev. Stat. Ann. § 13:5108.1 (2006).[4] Therefore, any official-capacity claim against them is, in reality, a claim against the State itself, and is, therefore, barred by the Eleventh Amendment. *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986); *see also Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").

With respect to Hartwell's request for injunctive relief against the judges in their official capacities, his claim are also frivolous. The Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983 (2006); *Guerin v. Higgins*, 8 F. App'x 31 (2d Cir. 2001); *Nollet v. Justices of the Trial Court of the*

---

[4]La. Rev. Stat. Ann. § 13:5108.1 provides in relevant part as follows:
A. Indemnification.
(1) The state shall defend and indemnify a covered individual against any claim, demand, suit, complaint or petition seeking damages filed in any court over alleged negligence or other act by the individual, including any demand under any federal statute when the act that forms the basis of the cause of action took place while the individual was engaged in the performance of the duties of the individual's office or employment with the state. . . .
E. Definition.
As used in this Section "covered individual" includes:
(1) An official, officer, or employee holding office or employment: . . .
(c) In the state supreme court or in the office of the clerk thereof or office of judicial administrator thereof, in one of the circuit courts of appeal or in the office of clerk thereof, or in any of the family, juvenile, or judicial district courts of the state or in the offices of the judicial administrators thereof.
. . .

7

*Commonwealth of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd*, 248 F.3d 1127 (1st Cir. 2000).

Moreover, even prior to that amendment, the United States Supreme Court held that federal courts generally should not intervene in the manner in which state judicial officers conduct their proceedings. The Supreme Court noted:

> The Court has recently reaffirmed the 'basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied relief.' *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). Additionally, recognition of the need for a proper balance in the concurrent operation of federal and state courts counsels against the issuance of injunctions against state officers engaged in the administration of the State's criminal laws in the absence of a showing of irreparable injury which is both "great and immediate." *Id.*, at 46, 91 S.Ct., at 751.

*O'Shea v. Littleton*, 414 U.S. 488, 499 (1974). If a state criminal defendant claims to be prejudiced by the misconduct of a presiding judge, he should avail himself of state procedures and seek review of any resulting conviction through direct appeal or post-conviction collateral review. *Id*. at 502. A § 1983 suit is not the appropriate means of redress. Hartwell's claims against the judges in their official capacities are barred from review in this Court.

For all of the foregoing reasons, Hartwell's claims against the judges in their official and individual capacities should be dismissed as frivolous, for failure to state a claim for which relief is granted, and otherwise for seeking relief against an immune defendant.

  **B.**   **Claims against Jerrold Peterson**

Hartwell has also named Jerrold Peterson, the former Director of the Central Staff, as a defendant in this case. Peterson was deceased at the time this action was filed. Rule 17 of the Federal Rules of Civil Procedure relies upon state law to determine whether a party can be named as a defendant in a lawsuit. Louisiana law does not allow suit to be brought against a deceased

person. *See, e.g.*, *Magee v. Stacey*, 223 So. 2d 194, 195 (La. Ct. App. 1969) (noting that it is "established jurisprudence that judgment cannot be rendered for or against a deceased person."); *see also Martinez v. United States*, No. 96-4072, 1998 WL 92248, at *2 (E.D. La. Mar. 2, 1998); *Campbell v. Travelers Ins.*, No. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan.14, 2008). Because of this, the claims against Peterson must be dismissed as frivolous and for failure to state a claim for which relief can be granted.[5]

### C. Other Court Personnel

In addition to naming each of the judges of the Louisiana Fifth Circuit and Peterson, Hartwell also filed suit against other court personnel, each in their official and individual capacities: Clerk of Court Peter Fitzgerald; Assistant Director of Central Staff Kathi Workman; three Central Staff secretaries, Carol Treuting, "Tina Doe," and "Roz Doe;" two law clerks, Cheryl Landrieu and Jennifer Cooper; and a research attorney, Leslie Langhetter. However, while Hartwell names each of these individuals, he fails to set forth any specific allegations against them or indicate a basis for their alleged liability under § 1983. Under a broad reading, Hartwell seems to claim that these defendants assisted Peterson and the judges in administering or carrying-out the allegedly inappropriate procedure for handling *pro se* post-conviction writ applications.

#### 1. Individual Capacities

These defendants, as employees of the Court, were acting at the direction of the judges to assist them in carrying out their judicial functions through the policies adopted by the judges. Because of this, these defendants are also entitled to the shield of absolute immunity with respect to any claim for monetary damages. *See Mitchell v. McBryde*, 944 F.2d 229, 230-31 (5th Cir. 1991);

---

[5]Even if Peterson had been alive at the time of the filing of this suit, the claims against him would be subject to dismissal for the other reasons presented in this opinion for dismissal of the other court personnel.

*see also Johnson v. Graves*, No. 92-3586, 1993 WL 82323 (5th Cir. Mar. 18, 1993). This is because a court employee who acts under the explicit instructions of a judge "acts as the arm of the judge and comes within his absolute immunity," even if the employee acts "in bad faith or with malice." *See Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980); *see also Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). Indeed, to give blanket protection to the judges while at the same time denying protection to the subordinates acting at the judges' express direction would be perverse, egregiously unfair, and ultimately unworkable. *See Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir. 1996). For these reasons, the defendants are entitled to absolute immunity for their role in carrying out the procedures ordered by the judges of the Louisiana Fifth Circuit.

Moreover, to the extent that plaintiff is seeking injunctive relief against these defendants in their individual capacities, that form of relief is unavailable from this Court for the reasons previously discussed in connection with the same claims urged against the individual judges.

### 2. **Official Capacity**

As discussed above, a judgment against the employees of the circuit court in their official capacity would be satisfied out of the state treasury. La. Rev. Stat. Ann. § 13:5108.1 (2006). Therefore, any official-capacity claim against them is, in reality, a claim against the State itself, and is, therefore, barred by the Eleventh Amendment. *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986); *see also Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").

Therefore, the claims against the Court personnel in their official and individual capacities should be dismissed as frivolous, for failure to state a claim for which relief is granted, and otherwise for seeking relief against an immune defendant.

### D. State Law Claims

Hartwell argues that the alleged actions of the defendants denied him rights under the Louisiana Constitution of 1974. To the extent Hartwell intended to invoke this Court's supplemental jurisdiction under 28 U.S.C. § 1367, his state law claims should be dismissed. The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); *accord Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").

The Court is recommending that the Hartwell's federal claims under § 1983 be dismissed in their entirety. Therefore, his state law claims should be dismissed without prejudice as the Court declines to exercise its supplemental jurisdiction.

## IV. Recommendation

It is therefore **RECOMMENDED** that Hartwell's § 1983 claims against Judges Bowles, Gaudin, Grisbaum, Dufresne, Wicker, Gothard, Canella, Kliebert, Daley, Chehardy, Edwards, McManus, and Rothschild, and defendants Fitzgerald, Peterson, Workman, "Tina Doe," "Roz Doe," Landrieu, Treuting, Cooper, and Langhetter, each in their individual capacities, be **DISMISSED**

11

**WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and otherwise for seeking relief against an immune defendant pursuant 28 U.S.C. §§ 1915 and 1915A, and 42 U.S.C. § 1997e.

It is further **RECOMMENDED** that Hartwell's § 1983 claims against Judges Bowles, Gaudin, Grisbaum, Dufresne, Wicker, Gothard, Canella, Kliebert, Daley, Chehardy, Edwards, McManus, and Rothschild, and defendants Fitzgerald, Peterson, Workman, "Tina Doe," "Roz Doe," Landrieu, Treuting, Cooper and Langhetter, each in their official capacities, be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction under the Eleventh Amendment and otherwise for failure to state a claim for which relief can be granted under federal law.

It is further **RECOMMENDED** that Hartwell's state law claims be **DISMISSED WITHOUT PREJUDICE** because this Court declines to exercise its supplemental jurisdiction under 28 U.S.C. § 1367.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 18th day of November, 2009.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**